**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **3:15-CR-112** |
| | : | **(JUDGE MARIANI)** |
| **JAMES S. PAVLICHKO,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Presently before the Court is Defendant James Pavlichko's "Motion to Correct Sentence Under 28 U.S.C. § 2255" (Doc. 72).

On June 2, 2015, a grand jury returned a two-count indictment charging James Pavlichko and Kathryn Teter with Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and 2 (Count I) and further charging Pavlichko with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On July 21, 2015, pursuant to a Plea Agreement (Doc. 31), Pavlichko entered a plea of guilty to Count I of the Indictment. A Draft Presentence Report was provided to the parties on September 16, 2015 (Doc. 43) and on October 28, 2015, a Final Presentence Investigation Report (hereinafter "PSR") (Doc. 50) was issued. An Addendum to the PSR issued that same day stated that the Government, Defendant's counsel, and Defendant had no objections. (Doc. 51).

The Final PSR found that Defendant's base offense level was 24. (Doc. 50, at ¶ 16). Following a computation of the other elements which must be factored into a determination

of the total offense level (*id*. at ¶¶ 17-25), the PSR found that Pavlichko's total offense level was 27 (*id.* at ¶ 26). The PSR further determined that Defendant's criminal history category was VI. (*Id*. at ¶ 38).

As relevant here, in determining Defendant Pavlichko's base offense level, the PSR explained that the "guideline for 18 U.S.C. § 922(j) offenses is found in USSG §2K2.1" and that because "defendant committed the instant offense subsequent to sustaining at least two felony convictions for crimes of violence…the base offense level is 24." (Doc. 50 at ¶ 16). The PSR cited to Pavlichko's state court convictions for "Burglary and Criminal Trespass – Break into Structure" (*id.* at ¶ 30) and for "False Imprisonment, Terroristic Threats with Intent to Terrorize Another, Recklessly Endangering Another Person, and Simple Assault" (*id.* at ¶ 32) as the prior two felony convictions for crimes of violence which supported the calculation of Defendant's base level offense.

No party objected to the Final PSR either in writing or at sentencing. The Court adopted the Final PSR without change, thus finding that Defendant had a total offense level of 27 and criminal history category of VI. (Doc. 59). Although Defendant's total offense level and criminal history category yielded a guideline imprisonment range of 130 to 162 months, because the statutory maximum sentence under 18 U.S.C. § 924(a)(2) was ten years, the guideline imprisonment term was 120 months. On November 5, 2015, the Court granted Pavlichko's request for a ten-month variance, and sentenced Pavlichko to 110 months, to

be followed by three years of supervised release, and a special assessment of $100. (*See* Doc. 58).

Defendant Pavlichko did not file a direct appeal from the Judgment.

On June 8, 2016, Attorney Gino A. Bartolai was appointed to represent Defendant based on this Court's prior grant of the Federal Defender's Office's Motion for Appointment of CJA Counsel to Raise Claims Based on *Johnson v. United States.* (*See* Docs. 70, 71).

Defendant's counsel thereafter filed a "Motion to Correct Sentence Under 28 U.S.C. § 2255" (Doc. 72), to which the Government filed a brief in opposition (Doc. 84) and Defendant filed a Reply brief (Doc. 87). The Court thereafter ordered the Government to file a supplemental brief (Doc. 94), which was filed on March 13, 2020 (Doc. 98).

The parties have fully briefed the Motion and it is ripe for decision. For the reasons set forth below, the Court will grant Defendant's Motion with respect to the ineffective assistance of counsel claim related to counsel's failure to object to the use of Defendant's prior Pennsylvania simple assault conviction as a predicate crime of violence, but will deny the Motion in all other respects.

## II. STANDARD OF REVIEW

In pertinent part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

3

28 U.S.C. § 2255. "Section 2255 petitions are not substitutes for direct appeals and serve

only to protect a defendant from a violation of the constitution or from a statutory defect so

fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*,

224 F.3d 256, 267 (3d Cir. 2000) (*abrogated on other grounds by Gonzalez v. Thaler*, 565

U.S. 134 (2012)) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Young v. United States*,

124 F.3d 794, 796 (7th Cir. 1997)). Relief is available under Section 2255 only under

exceptional circumstances, when the claimed errors of law are "a fundamental defect which

inherently results in a complete miscarriage of justice," or "an omission inconsistent with the

rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Section 2255 also directs that, in some instances, the court "shall" hold an

evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that
> the prisoner is entitled to no relief, the court shall cause notice thereof to be
> served upon the United States attorney, grant a prompt hearing thereon,
> determine the issues and make findings of fact and conclusions of law with
> respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, the Court of Appeals for the Third Circuit

explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a
> defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255,
> our caselaw has imposed limitations on the exercise of that discretion. In
> considering a motion to vacate a defendant's sentence, "the court must accept
> the truth of the movant's factual allegations unless they are clearly frivolous on
> the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865
> F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The
> District court is required to hold an evidentiary hearing "unless the motion and

4

files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy,* 410 F.3d at 134 (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d 542, 545-46 (3d Cir. 2005).

As a general rule, the petitioner has the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir.1977). However, in certain cases where a § 2255 petitioner has challenged the predicate offenses supporting an enhanced sentence, courts have determined that the burden remains with the government to demonstrate the prior convictions by a preponderance of the evidence. *United States v. Evans*, No. 02–CR–1, 2015 WL 9480097, at *2 (W.D. Pa. Dec. 29, 2015); *see also United States v. Harris*, 205 F. Supp. 3d 651, 662 (M.D. Pa. 2016).

Ineffective assistance of counsel claims are properly raised on collateral review rather than on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (*citing Strickland*, 466 U.S. at

689-92). The petitioner bears the burden of establishing that counsel's performance

prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

### III. ANALYSIS

In his § 2255 motion, Defendant asserts that "his sentence was imposed in violation

of the Constitution or laws of the United States" (Doc. 72, at ¶ 15). Relying on the Supreme

Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Pavlichko contends that

"his base offense level was unlawfully determined pursuant to U.S.S.G. §2K2.1(a)(2)

because he did not have two felony convictions for either a crime of violence or a controlled

substance offense."  (Doc. 72, at ¶ 17). According to the 2014 Sentencing Guidelines, a

defendant's Base Offense Level is increased to 24 "if the defendant committed any part of

the instant offense subsequent to sustaining at least two felony convictions of either a crime

of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2) (2014). The term

"crime of violence" is separately defined as:

> any offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that—
> (1) has an element the use, attempted use, or threatened use of physical force
> against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk of physical
> injury to another.

U.S.S.G. § 4B1.2(a) (2014).

Defendant argues that neither his state court conviction for burglary and criminal

trespass nor his state court conviction for simple assault is categorically a "crime of

violence." (Doc. 72, at ¶¶ 20-21, 26). Pavlichko thus submits that "his former counsel was ineffective for failing to file objections to the Presentence Report and by failing to challenge his prior convictions used to increase his base offense level, subsequent offense level and guideline calculations based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015) and other existing precedent." (*Id.* at ¶ 28)(citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Following the Supreme Court's decision in *Beckles*, Defendant in his Reply brief concedes that "his *Johnson* challenge is lost." (Doc. 87, at 3)(citing *Beckles v. United States*, 137 S.Ct. 886, 892, (2017)). However, Defendant argues in his Reply brief that he is still entitled to relief as his sentencing counsel "was ineffective [for] failing to challenge Pavlichko's conviction of Simple Assault" as counsel should have "argued that his conviction for simple assault may not serve as a crime of violence predicate." (Doc. 87, at 3). Additionally, Defendant asserts sentencing counsel should have "challenged the lack of record relative to Pavlichko's claimed conviction for simple assault." (*Id.* at 7). Defendant's Reply brief does not address the prior state law conviction for burglary and criminal trespass. In the Government's Sur-Reply brief, it responds that "a simple assault, even if committed recklessly, categorically qualifies as a violent crime under the 2015 Sentencing Guidelines." [1] (Doc. 98, at 2).

_____

[1] Pavlichko's sentence was determined in accordance with the 2014 Sentencing Guidelines Manual. (Doc. 50, at ¶ 14).

7

In order to determine if Pavlichko's sentencing counsel was ineffective, the Court must first determine whether sentencing counsel's performance was deficient. *Strickland*, 466 U.S. at 687. A counsel's performance is deficient where it fell below an "objective standard of reasonableness." *Id.* To fairly assess counsel's performance, the Court must "evaluate the conduct from counsel's perspective at the time." *Marshall v. Hendricks*, 307 F.3d 36, 105 (3d Cir. 2002)(citing *Strickland*, 466 U.S. at 689). *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

A petitioner can demonstrate his sentencing counsel's performance was objectively unreasonable if "defense counsel fails to object to an improper enhancement under the Sentencing Guidelines." *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004). The Third Circuit has held, "[I]t is a responsibility of counsel to ensure that the presentencing report's calculations are correct and that the court has the information needed to conduct a fair sentencing hearing." *United States v. Sepling*, 944 F.3d 138, 145 (3d Cir. 2019).

In a case where a petitioner alleges sentencing counsel was ineffective, the prejudice prong can be met where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the [sentencing] would have been different." *Id.* (quoting *Strickland,* 466 U.S. at 694)(alterations original). "[A] defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Id.* at 153 (quoting *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346 (2016)); *see also Glover v. United States*, 531 U.S. 198, 203 (2001)("[A]ny amount of actual jail time has Sixth Amendment significance."). The prejudice prong would be satisfied if counsel's deficient performance "resulted in a specific, demonstrable enhancement in sentencing—such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony—which would not have occurred but for counsel's error." *United States v. Otero*, 502 F.3d 331, 337 (3d Cir. 2007)(internal citations omitted).

In this case, Defendant Pavlichko asserts that his sentencing counsel's performance was deficient as counsel failed to object to the PSR's use of his burglary and criminal trespass conviction and his simple assault conviction as violent crime predicates. (Doc. 72, at ¶¶ 18, 26). The failure to object to the PSR may be objectively unreasonable if, at the time of sentencing, one or both of these convictions could not have served as a crime of violence predicate. *Jansen*, 369 F.3d at 244.

To determine whether a prior conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2(a), the Court must employ the categorical approach to examine the elements of the state statute, but not the particular facts of the conviction. *Taylor v. United States*, 495 U.S. 575, 599–600 (1990). If the state statute's elements are the same or narrower than the generic offense, the prior conviction can serve as a predicate "because anyone convicted under that law is necessarily… guilty of all the [generic crime's] elements." *Descamps v. United States*, 570 U.S. 254, 261 (2013)(quoting *Taylor*, 495 U.S. at 599)(alterations original). However, if the state statute "sweeps more broadly than the generic crime," the conviction cannot serve as a predicate offense, "even if the defendant actually committed the offense in its generic form." *Descamps*, 570 U.S. at 261.

In some cases, the relevant statute has a "divisible" structure which "list[s] elements in the alternative, and thereby define[s] multiple crimes," complicating the application of the categorical approach. *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). The modified categorical approach allows the sentencing court to evaluate certain relevant documents ("*Shepard* materials") to determine which of the alternative elements listed was the basis of the defendant's conviction and if that version is categorically a crime of violence. *Mathis*, 136 S.Ct. at 2249. *Shepard* materials include: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). A PSR can also be a *Shepard* document if there are no objections to the factual

10

account therein. *United States v. Siegel*, 477 F.3d 87, 93 (3d Cir. 2007). Nonetheless, the court is not permitted under the modified categorical approach "to scour the record to ascertain the factual conduct giving rise to the prior conviction." *United States v. Ramos*, 892 F.3d 599, 607 (3d Cir. 2018).

The Court will address each of the relevant convictions in turn to determine whether sentencing counsel should have objected to their use to enhance Pavlichko's sentence according to the state of the law at the time of the issuance of the PSR and at sentencing.

With respect to Pavlichko's "Burglary and Criminal Trespass" conviction, the PSR lists the criminal case number as CR-3291-2005 and states that "[o]n August 22, 2005, James Pavlichko and Brent Russo entered through a broken window a residence at 210 West Green Street, West Hazelton, Pennsylvania. Once inside, the defendants took $9,000 and departed." (Doc. 50, at ¶ 30). The docket sheet in CR-3291-2005 in the Luzerne County Court of Common Pleas, of which this Court takes judicial notice, shows that Pavlichko was charged with four crimes in that case, and pled guilty to Burglary, 18 Pa. C.S. § 3502(a), and Criminal Trespass – Break into Structure, 18 Pa. C.S. § 3503(a)(1)(ii).

Although the statutory language has since been altered, 18 Pa. C.S. § 3502(a), at the time Pavlichko pleaded guilty to Burglary, defined the offense as follows:

> (a) Offense defined – A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa. C.S. § 3502(a)(1992).

In *United States v. Steiner*, the Third Circuit explained that the 1992 version of the

Pennsylvania Burglary statute "is not divisible and, after *Mathis*, a categorical approach,

rather than a modified categorical approach, must be used." *United States v. Steiner*, 847

F.3d 103, 119 (3d Cir. 2017).[2]  Following an analysis of the 1992 burglary statute, the Circuit

found that "[u]nder the categorical approach . . . a conviction under the Pennsylvania burglary

statute in question is not a predicate § 4B1.2 'crime of violence.'" *Id*. at 120. Although *Mathis*

addressed how prior convictions can be used as predicate "violent felonies" under the Armed

---

[2] In *Mathis*, the Court considered when a prior offense qualifies as a predicate offense listed in the Armed Career Criminal Act ("ACCA") and concluded that the Iowa burglary statute at issue did not qualify as a predicate offense because it "covered a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)." 136 S.Ct. at 2251.

> We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. *See*, e.g., *Taylor* [*v. United States*, 495 U.S. 575, 602 (1993)]. How a given defendant actually perpetrated the crime—what we have referred to as the "underlying brute facts or means" of commission, *Richardson* [*v. United States*, 526 U.S. 813, 817 (1999)]—makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. Those longstanding principles, and the reasoning that underlies them, apply regardless of whether a statute omits or instead specifies alternative possible means of commission. The itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition.

*Id*. *Mathis* explained the process used to determine whether a prior conviction is properly used as a predicate offense, discussing "indivisible" and "divisible" statutes and the proper approaches related to each, i.e. the "categorical approach" for the former and the "modified categorical approach" for the latter. *Id*. at 2248-49. Based on the unusual structure of the Iowa law, the Court clarified the classification of various statutory structures and the application of the relevant approach. *Id*. at 2249-57. In sum, rather than providing a rule of general applicability, *Mathis* made a specific determination concerning the Iowa statute at issue after considering a long line of cases distinguishing divisible and indivisible statutes with the effect that some may not qualify for use in the ACCA or United States Sentencing Guidelines career offender contexts.

Career Criminal Act, the Court in *Steiner* explained that such precedent "generally applies also to 'crimes of violence' enhancements under the Guidelines." *Id.* at 118.

However, *Steiner*, wherein the Court held that the Pennsylvania burglary statute in question was not a predicate § 4B1.2 "crime of violence", was not decided until 2017. At the time of the preparation of the PSR in September through November, 2015, and at the November 5, 2015 sentencing, U.S.S.G. § 4B1.2(a)(2), the enumerated clause, clearly included "burglary of a dwelling" as a "crime of violence."

Nonetheless, Pennsylvania's burglary statute criminalized the entry of an "occupied structure," separately defined as "any structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." 18 Pa. C.S.A. § 3501. The inclusion of a "vehicle" and a place "for carrying on business" in the crime of burglary led the Third Circuit, well before its decision in *Steiner*, to conclude that the burglary statute criminalizing the entry of an "occupied structure" was broader than the generic definition of burglary. *United States v. Bennett*, 100 F.3d 1105, 1110 (3d Cir. 1996). However, while the *Bennett* court stated it would use the categorical approach, the Third Circuit employed what would become the modified categorical approach. *Bennett*, 100 F.3d at 1110; *see also Steiner*, 847 F.3d at 119 n.76 ("[A]t the time [of *Bennett*] we thought that the statute's breadth authorized use of what would now be called the modified categorial approach."). Thus, Third Circuit cases at the time evaluated the *Shepard* materials related to a petitioner's prior burglary conviction to

13

determine if it qualified as a crime of violence. *Bennett*, 100 F.3d at 1110 (citing *United States v. Preston*, 910 F.2d 81, 85 (3d Cir. 1990)); *In re Spann*, 403 F. App'x 741, 742-43 (3d Cir. 2010).

Even after *Descamps* rejected the modified categorical approach for California's burglary statute in 2013, courts continued to hold that the breadth of Pennsylvania's burglary statute justified the application of the modified categorical approach as the statute was held to be divisible. *United States v. Hockenberry*, 730 F.3d 645, 669 (6th Cir. 2013) (relying on *Descamps* to hold Pennsylvania's burglary statute to be divisible and applying the modified categorical approach); *United States v. Nobles*, No. CRIM.A. 07-29, 2015 WL 1208050, at *2–3 (E.D. Pa. Mar. 17, 2015)(citing *Descamps* but employing the modified categorical approach after finding § 3502 to be divisible); *United States v. Limehouse*, No. CIV.A. 13-1254, 2013 WL 3833243, at *5 (E.D. Pa. July 25, 2013)(using the modified categorical approach to determine that the defendant's § 3502 conviction qualified as a crime of violence); *United States v. Imm*, No. 2:03-CR-00063, 2014 WL 6774072, at *4 (W.D. Pa. Dec. 1, 2014)(using the modified categorical approach, but finding there was not enough evidence to determine if the defendant's conviction was necessarily for generic burglary).

Therefore, the state of the law at the time of Pavlichko's sentencing would have required the use of the modified categorical approach to determine if Pavlichko's conviction under § 3502 would have constituted a crime of violence under the 2014 Sentencing

Guidelines. Had counsel for Pavlichko reviewed "*Shepard* documents," those documents would have shown Pavlichko was convicted of entering "a residence" in West Hazleton, Pennsylvania and taking $9,000. (Doc. 50, at ¶ 30). Consequently, Pavlichko was convicted of a "burglary of a dwelling" – a crime of violence pursuant to the enumerated clause of the 2014 Sentencing Guidelines. U.S.S.G. § 4B1.2(a)(2).

Pavlichko's sentencing counsel was not ineffective for failing to object to the PSR's use of his prior burglary conviction as a crime of violence predicate because there was ample legal support for such a finding at the time and the basis for any objection to this finding, given the state of the law at that time, would have been questionable, at best. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective *at the time*.") (emphasis added). *See also*, *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) (". . . failing to predict a change in the law is not deficient performance.") (citing *Sistrunk v. Vaughn,* 96 F.3d 666, 672 (3d Cir. 1996)). Pavlichko has not demonstrated that his sentencing counsel's performance was deficient with respect to the use of his burglary conviction as a crime of violence predicate in the PSR.

With respect to Pavlichko's "Simple Assault" conviction, the PSR lists the criminal case number as CR-4276-2008. (Doc. 50 at ¶ 32). In that case, Pavlichko was charged with Unlawful Restraint/Serious Bodily Injury in violation of 18 Pa. C.S.A. § 2902(a)(1), False

15

Imprisonment in violation of 18 Pa. C.S.A. § 2903(a), Terroristic Threats with intent to

Terrorize Another in violation of 18 Pa. C.S.A. § 2706(a)(1), Recklessly Endangering

Another Person in violation of 18 Pa. C.S.A. § 2705, and Simple Assault in violation of18

Pa. C.S.A. § 2701(a)(1). (Information, Doc. 97, at 9). Pavlichko pleaded guilty to the false

imprisonment, terroristic threats, reckless endangerment and simple assault charges. (Doc.

50, at ¶ 32).

Both parties, relying on *Mathis*, assert that Pennsylvania's simple assault statute is

indivisible and thus subject to the categorical approach. Pavlichko argues that "the *Marrero*

decision, to the extent that it finds the Pennsylvania simple assault statute divisible and

applies the modified categorical approach, is in conflict with the Supreme Court's decision in

*Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Descamps v. United States,* 133 S.Ct.

2276 (2013)." (Doc. 87, at 5). Similarly, the Government argues the statute is not divisible

by mental state as "*Mathis* abrogated both *United States v. Doe*, 810 F.3d 132 (3d Cir.

2015) and *United States v. Marrero*, 743 F.3d 389 (3d Cir. 2014), which considered the

statute divisible and subject to a modified categorical approach." (Doc. 98 at 2).

Both parties ignore that Pavlichko was sentenced in 2015, a year before *Mathis* was

decided. Regardless of the effect of *Mathis* on *Marrero* and *Doe* presently, when Pavlichko

was sentenced, these cases were the controlling law. The Court cannot determine that

Pavlichko's sentencing counsel's performance was deficient based on changes in the law

that occurred after Defendant was sentenced. *Marshall*, 307 F.3d at 105.

Nonetheless, based on the controlling precedent in 2015, Pavlichko's sentencing counsel's performance was deficient as she failed to object to the use of the prior simple assault conviction as a predicate crime of violence.

Although the statute has since been revised, at the time Pavlichko pleaded guilty to simple assault, Pennsylvania defined the offense, in relevant part, as follows:

> (a) Offense defined – A person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

18 Pa. C.S. § 2701(a)(1)(2003).

In *United States v. Marrero*, the Third Circuit held that because "a defendant may be convicted of Pennsylvania simple assault if his actions were accompanied by one of three different mental states – intent, knowledge or recklessness" the statute was divisible and the modified categorical approach applied. *Marrero*, 743 F.3d at 396.[3]  Despite Defendant's reliance on *Descamps*, the Third Circuit reiterated in 2015, two years after *Descamps*, that the simple assault statute was divisible and applied the modified categorical approach when determining whether a defendant's two prior simple assault convictions qualified as crimes of violence under the Sentencing Guidelines. *Doe*, 810 F.3d at 147 ("Simple assault is not categorically a crime of violence under the Sentencing Guidelines; rather, only knowing or intentional assaults are."). *See also*, *United States v. Marrero*, 743 F.3d 389, 395-396 (3d

---

[3] The Third Circuit issued a precedential opinion in 2016 abrogating *Marrero*. *See United States v. Calabretta*, 831 F.3d 128 (3d Cir. 2016). *Calabretta* was later abrogated by *United States v. Green*. 898 F.3d 315 (3d Cir. 2018). Nonetheless, *Calabretta* and *Green* were not decided until 2016 and 2018 respectively, and thus, at the time of Pavlichko's sentencing in 2015, *Marrero* was controlling law.

Cir. 2014) (rejecting Marrero's argument that Pennsylvania's simple assault statute was indivisible and that, in light of *Descamps*, the Court should not apply the modified categorical approach).

A conviction pursuant to Section 2701(a)(1) qualifies as a crime of violence only if it was knowing or intentional conduct. *Doe*, 810 F.3d at 147; *United States v. Johnson*, 587 F.3d 203, 212 (3d Cir. 2009). "To be guilty of intentional or knowing assault, the defendant must 'intend[ ] to impair the victim's physical condition or cause her substantial pain.'" *Doe*, 810 F.3d at 147 (quoting *Johnson*, 587 F.3d at 212). Pennsylvania statute defines the different "kinds of culpability", including the terms "intentionally", "knowingly", and "recklessly" as follows:

> (1) A person acts intentionally with respect to a material element of an offense when:
> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>
> (2) A person acts knowingly with respect to a material element of an offense when:
> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.
>
> (3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's

conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa. C.S.A. § 302(b)(1)-(3).

Had sentencing counsel objected to the PSR, based on existing precedent at the

time of Pavlichko's sentencing, the Court would have employed the modified categorical

approach and analyzed the *Shepard* materials to determine whether Pavlichko's simple

assault charges were based on intentional, knowing, or reckless conduct.

A review of the *Shepard* documents, however, do not disclose the specific *mens rea*

element of Pavlichko's conviction. The Police Criminal Complaint describes the act as:

SIMPLE ASSAULT The Actor, James Pavlichko, on or about 09 November 2008, in the County of Luzerne, attempted to cause or intentionally, knowingly or recklessly caused bodily injury to 17 year old female, that is to say the actor, repeatedly struck the victim about her head and face area, in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, as amended, Pa. C.S. 2701(a)(1) (Misdemeanor-2).

(Police Criminal Complaint, Doc. 97, at 4). The Information describes the act similarly:

"November 8 through November 9, 2008, the Actor intentionally, knowingly or recklessly

caused or attempted to cause bodily injury to [the victim]." (Information, Doc. 97, at 8).

The remaining *Shepard* materials provided by the Government provide the

underlying facts of the conviction, but do not indicate if Pavlichko acted intentionally,

knowingly, or recklessly when committing the simple assault. (*See* Plea Agreement, Doc.

97, at 10; Tr. of Guilty Plea held on April 29, 2009, Doc. 97, at 11-14; Guilty Plea Disposition

19

Sheet, Doc. 97, at 15; Tr. of Sentencing held on May 29, 2009, Doc. 97, at 16–37); (*see also*, PSR, Doc. 50, at ¶ 32).

After analyzing the *Shepard* materials, it is not clear whether Pavlichko was charged with intentional, knowing, or reckless conduct. Based on *Marrero*, *Doe*, and other controlling precedent at the time, Pavlichko's sentencing counsel should have objected to Pavlichko's enhanced sentence, as the conviction could have been based on a mental state of recklessness, which would not have qualified as a crime of violence at the time of sentencing. Therefore, Pavlichko's sentencing counsel's performance was deficient as she failed to object to this improper enhancement under the 2014 Sentencing Guidelines.

The Government argues that "the mental state involved in Pavlichko's simple assault conviction is inconsequential because Pennsylvania simple assault is categorically a crime of violence under the residual clause regardless of the mental state involved." (Doc. 98, at 2). The Government maintains that this Court should apply to this case the holding of *Voisine v. United States*, wherein the Supreme Court held that "misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban" under 18 U.S.C. § 922(g)(9). *Voisine v. United States*, 136 S.Ct. 2272, 2276 (2016).

The Government further asserts, relying on *Voisine* and *United States v. Castleman,* "[E]ven if Pennsylvania simple assault did not qualify under the residual clause, it would qualify under the elements clause in § 4B1.2(a) since it 'has an element the use, attempted

use, or threatened use of physical force against the person of another.'" (Doc. 98, at 3-

4)(citing *Voisine*, 136 S.Ct. 2272 and *United States v. Castleman,* 572 U.S. 157 (2014).

Citing cases in other circuits, the Government argues *Voisine*'s holding regarding reckless

conduct extends to the elements clause in the definition of crime of violence under the

Sentencing Guidelines. (Doc. 84, at 8-9; Doc. 98, at 4).

The Court will not extend the holding of *Voisine* here. First, the Supreme Court

expressly limited its holding in *Voisine* to the question of whether reckless domestic assault

qualifies as a "misdemeanor crime of domestic violence" under the statutory firearms ban:

> [O]ur decision today concerning § 921(a)(33)(A)'s scope does not resolve
> whether § 16 [of the Armed Career Criminal Act] includes reckless behavior.
> Courts have sometimes given those two statutory definitions divergent
> readings in light of differences in their contexts and purposes, and we do not
> foreclose that possibility with respect to their required mental states.[4]

*Voisine*, 136 S.Ct. at 2280 n.4. The Third Circuit has also explicitly avoided holding that

reckless behavior is included in § 16: "[W]e need not examine to what extent the reasoning

of *Voisine* applies in the § 16(b) context to broaden our existing interpretation of the

provision. We leave that question for another day." *Baptiste v. Attorney Gen*., 841 F.3d 601,

607 n.5 (3d Cir. 2016).

---

[4] Section 16(a) of the Armed Career Criminal Act contains an elements clause that "substantively mirrors" the Sentencing Guidelines. *United States v. Randolph*, No. CR 18-380, 2019 WL 2067542, at *4 n.3 (D.N.J. May 10, 2019)(citing *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009); *see also United States v. Frederick*, No. CR 6-83, 2016 WL 5852016, at *3 (W.D. Pa. Oct. 6, 2016)("[T]he definition of 'crime of violence' in Section 4B1.2(a)(1) mirrors that in Section 16(a), and thus authority interpreting one is generally applied to the other.").

Second, despite its silence on the effects of *Voisine* and *Castleman*, the Third Circuit has previously established that a conviction for reckless conduct cannot constitute a crime of violence under the Sentencing Guidelines. *United States v. Lee*, 612 F.3d 170, 196 (3d Cir. 2010); *United States v. Chapman*, 866 F.3d 129, 133 (3d Cir. 2017)("We therefore find that the 'use' of 'physical force,' as used in § 4B1.2(a)(1), involves the *intentional* employment of something capable of causing physical pain or injury to another person, regardless of whether the perpetrator struck the victim's body." (emphasis added)); *United States v. Powell*, No. 1:CR-15-0060, 2016 WL 4448427, at *3 (M.D. Pa. Aug. 24, 2016)(holding a conviction based on recklessness cannot be a crime of violence under the elements clause). *See also Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005) (holding that Pennsylvania's simple assault statute is not a crime of violence under § 16(a) because it requires a minimum *mens rea* of recklessness); *Tran v. Gonzales,* 414 F.3d 464, 470 (3d Cir. 2005) (holding § 16(a) use of force requires "specific intent to employ force, and not mere recklessness as to causing harm"); *Otero,* 502 F.3d at 335 (limiting categorical crimes of violence to intentional use of force, not reckless or grossly negligent conduct). *Cf. United States v. Gorny*, 655 F. App'x 920, 925 (3d Cir. 2016)(Pennsylvania aggravated assault is a crime of violence under the elements clause because it requires knowing or intentional conduct, not recklessness).

Third, even though other circuits may have expanded the holding of *Voisine*, district courts in the Third Circuit have consistently declined to do so. *United States v. Edmonds*,

No. 3:18-CR-00378, 2020 WL 1663362, at *5 (M.D. Pa. Apr. 3, 2020)(holding "neither the

enumerated offense clause nor the elements clause of U.S.S.G. §4B1.1(b)(1)(2) apply to

[defendant's] aggravated assault conviction" because the New Jersey statute permits a

conviction for reckless conduct); *United States v. Randolph*, No. CR 18-380, 2019 WL

2067542, at *5-8 (D.N.J. May 10, 2019) (distinguishing *Voisine* and holding a conviction

under New Jersey's aggravated assault statute "does not qualify as a 'crime of violence'

under either the elements clause or the enumerated offense clause"); *United States v.*

*Haines*, 296 F. Supp. 3d. 726, 731 (E.D. Pa. 2017) ("*Voisine* has not abrogated established

Third Circuit law, and therefore the force clause of § 4B1.2(a) does not encompass

the reckless conduct criminalized by Pennsylvania's aggravated assault statute"); *United*

*States v. Fisher*, No. CR 01-769-01, 2017 WL 1426049, at *7 (E.D. Pa. Apr. 21, 2017)

(distinguishing *Castleman* and *Voisine* and holding "[W]e join the other District Courts that

have recently held that Pennsylvania aggravated assault under § 2702(a)(1) is not a "crime

of violence" under the ACCA because it can be committed by an act of omission and

criminalizes reckless conduct."); *Nelson v. United States*, No. CV 16-3409, 2017 WL

150242, at *5 (D.N.J. Jan. 12, 2017)("It thus does not appear that *Voisine* altered or

overruled the Third Circuit's caselaw regarding recklessness outside of the § 922(g)

context... As such, it remains good law in this Circuit that recklessness is insufficient to

meet the elements clause's requirement that a violent felony involves the 'use' of force.");

*United States v. Hill*, 225 F. Supp. 3d 328, 339 (W.D. Pa. 2016)(declining to extend *Voisine*

and *Castleman* and holding "The law of the Third Circuit has been well established for some time that Pennsylvania simple assault under § 2701(a)(1) is not a crime of violence under the elements or force clause of § 4B1.2(a)(1)"). *But see United States v. Hedgeman,* No. CR 16-537, 2018 WL 534156, at *3 (D.N.J. Jan. 23, 2018)(relying on *Voisine* in holding "a crime of violence can encompass the use of force that has been undertaken recklessly").

As other courts in this circuit have found, the holdings in *Voisine* and *Castleman* are inapplicable to the instant case which involves neither the federal statutory firearms ban nor a misdemeanor crime of domestic violence. A conviction for violating Pennsylvania's simple assault statute does not meet the crime of violence definition of the Sentencing Guidelines if it was committed recklessly, as opposed to knowingly or intentionally.

Therefore, Pavlichko's sentencing counsel's failure to object to the use of Pavlichko's prior simple assault conviction to enhance his sentence was objectively unreasonable.

Having found that Pavlichko's sentencing counsel's performance was deficient in failing to object to the use of a prior simple assault conviction to enhance Pavlichko's sentence, the Court must next determine if prejudice resulted from the error. There must be a reasonable probability that, but for counsel's error, the result of the sentencing would have been different. *Strickland,* 466 U.S. at 694.

Here, Defendant has demonstrated that his sentence may have been different as the Court relied on Pavlichko's prior simple assault conviction as a predicate crime of violence. *See United States v. Sepling*, 944 F.3d 138, 153 (3d Cir. 2019). Pavlichko's sentencing

24

range was a period of incarceration between 130 months and 162 months with a statutory maximum term of imprisonment of 120 months. (Doc. 50 at ¶ 57). Ultimately, Pavlichko was sentenced to 110 months of imprisonment. (Doc. 58). Without using his simple assault conviction as a predicate crime of violence, Pavlichko's base offense level would have been 20, not 24, and his total offense level would therefore have been 23, rather than 27. As such, with a criminal history category of VI, Defendant's sentencing guideline range according to the 2014 Sentencing Guidelines would have been between 92 and 115 months. Although Pavlichko's sentence falls within the new guideline range, this Court cannot definitively find that his sentence would have been the same.  Thus, Pavlichko suffered prejudice due to his sentencing counsel's deficient performance.

In conclusion, Pavlichko's sentencing counsel should have objected to the PSR's use of his prior simple assault conviction as a predicate crime of violence. The failure to do so was objectively unreasonable and resulted in prejudice. Pavlichko's motion will therefore be granted as to his claim that counsel was ineffective in failing to object to the use of his prior simple assault conviction as a crime of violence and he will be resentenced based on an advisory Guideline range of 92 to 115 months.

## IV. CONCLUSION

For the foregoing reasons, this Court will grant Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Doc. 72) as it pertains to his ineffective assistance of counsel claim related to the failure to object to the use of his prior simple assault conviction

as a predicate crime of violence. The Court will deny the Motion in all other respects.

A separate Order follows.

Robert D. Mariani
United States District Judge